UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES
OF THE NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND, *and* THE CARPENTER
CONTRACTOR ALLIANCE OF METROPOLITAN
NEW YORK,

23 Civ. 872 (PAE)

OPINION & ORDER

Petitioners,

-v-

PRIME CONTRACTORS, INC.,

Respondent.

---

PAUL A. ENGELMAYER, District Judge:

Trustees of the New York City District Council of Carpenters Pension Fund, Welfare

Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry

Fund, Trustees of the New York City Carpenters Relief and Charity Fund, and the Carpenter

Contractor Alliance of Metropolitan New York (collectively, the "Petitioners" or the "Funds")

petition here for confirmation of an arbitral award (the "Award") issued against respondent

Prime Contractors, Inc. ("Prime Contractors") for unpaid contributions. *See* Dkt. 1 ("Petition").

Petitioners are employer and employee trustees and multiemployer labor-management trust

funds. *Id.* at 2. Respondent Prime Contractors is a New York corporation and an employer

within the meaning of § 3(5) of Employee Retirement Income Security Act, 29 U.S.C. § 1002(5),

and in an industry affecting commerce within the meaning of § 501 of the Labor Management

1

Relations Act ("LMRA"), 29 U.S.C. § 142. *Id.* at 3. Petitioners commenced this action on July 22, 2022, pursuant to Section 301(c) of the LMRA, 29 U.S.C. § 185. For the following reasons, the Court confirms the Award.

## I.     Background[1]

### A.     The Parties and Their Agreements

At all relevant times, Prime Contractors has been bound to a collective bargaining agreement ("CBA") with the New York City District Council of Carpenters (the "Union"). Petition at 1; *see id.*, Ex. G (copy of the Independent Building Construction Agreement covering the period July 1, 2017 through June 30, 2024). Pursuant to the CBA, other project-specific construction agreements, and a collection policy, Prime Contractors was obligated to pay, on a timely basis, contributions to employee benefit funds for every hour worked by Prime Contractors's employees within the trade and geographical jurisdiction of the Union. *See, e.g.*, Petition at 5. These agreements also required Prime Contractors to furnish its books and payroll records when requested by the Funds for the purposes of conducting an audit to ensure compliance with required benefit fund contributions. *Id.* at 6.

These agreements, as well as documents and instruments governing the Funds, provide for the resolution of disputes via arbitration. *Id.*; *see also id.*, Exs. H–L. They further provide that "should the Funds be required to arbitrate a dispute or file a lawsuit over unpaid contributions, the Funds shall be entitled to collect, in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) liquidated damages in the amount of 20% of the unpaid contributions; and (3) reasonable costs and

---

[1] The following undisputed facts are derived from the Petition, Dkt. 1, and exhibits attached thereto, including the Award, dated October 31, 2022, *id.*, Ex. M.

attorneys' fees incurred by the Funds in collecting the delinquencies." *Id.* at 6. Prime Contractors would "be additionally responsible" for damages including attorneys' fees and "the entire cost of a payroll review and/or audit." *Id.*

### B.     The Arbitral Award

The underlying dispute here arose as to whether Prime Contractors failed to remit contributions to the Funds, as required by the CBA and associated agreements. *Id.* at 7. An audit (as authorized by the CBA and associated agreements) revealed that Prime Contractors, during the period covering March 23, 2020 to December 26, 2021, had failed to remit contributions in the principal amount of $523,604.60. *Id.* When Prime Contractors "refused to pay the audit findings," Petitioners initiated arbitration before arbitrator Jeffrey G. Stein (the "Arbitrator"). *Id.*

On October 31, 2022, the Arbitrator issued a written award in Petitioners' favor. *See* Award. The arbitrator found that Prime Contractors had violated the CBA when it failed to remit accurate and timely contributions to the Funds, and ordered Prime Contractors to pay the Funds the sum of $572,408.38, consisting of the outstanding audit principal of $422,599.27, interest thereon through October 20, 2022 of $37,533.06, audit costs of $24,010.75, promotional fund contributions of $893.45, liquidated damages of $84,511.85, court costs of $400, attorneys' fees of $1,500, and the arbitrator's fee of $1,000. *See id.* The arbitrator also found that interest at the rate of 5.25% will accrue on the Award from the date of the issuance of the Award. *See id.*

### C.     This Action

As of February 2, 2023, the date Petitioners filed this action to confirm the Award, Prime Contractors had made payments towards the Award totaling $72,415.28, resulting in an interest credit of $803.70, and leaving a remaining Award balance of $499,189.39. *Id.* at 8. To date,

Prime Contractors, despite being served, Dkts. 7–8, 10–12, has not opposed the Petition or otherwise appeared in this case.

## II.    Discussion

### A.    Applicable Legal Standards

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)) (internal quotation marks omitted). The Federal Arbitration Act provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations and internal quotation marks omitted). In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and

expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12).

Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the

merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels*

*Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir.

1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir.

1978)).

A motion to confirm an arbitral award against a party that has failed to appear in the

action is evaluated under the legal standards applicable to a motion for summary judgment. *See*

*D.H. Blair*, 462 F.3d at 109–10.  To prevail on such a motion, the movant must "show[] that

there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a).  In making this determination, the Court must view all

facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 655

(2014) (per curiam) (citations omitted).  In determining whether there are genuine issues of

material fact, the Court is "required to resolve all ambiguities and draw all permissible factual

inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*,

680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)

(internal quotation marks omitted)).

"Even when a motion for summary judgment is unopposed, the district court is not

relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt.*

*Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v.*

*Foley*, 274 F.3d 677, 681 (2d Cir. 2001).  In reviewing an unopposed motion for confirmation of

an arbitral award, a court

> may not grant the motion without first examining the moving party's submission to
> determine if it has met its burden of demonstrating that no material issue of fact

> remains for trial.  If the evidence submitted in support of the summary judgment
> motion does not meet the movant's burden of production, then summary judgment
> must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the

arbitrator's jurisdiction, or otherwise was contrary to law [. . .] a court must grant an order to

confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best*

*Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9

U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

### B.        Confirmation of the Arbitral Award

On the basis of the Award, and on the very limited review that is appropriate, the Court

finds summary judgment warranted, as Petitioners have shown there is no material issue of fact

in dispute.  The arbitrator acted within the scope of the authority set out in the CBA and

associated agreements, and after conducting a hearing at which counsel for Petitioners and Prime

Contractors appeared, found "the Petitioners' presentation unrefuted" with "[Prime Contractors]

not having any defense," and "[u]pon the unrefuted, substantial[,] and credible evidence of the

case as a whole," issued the Award for a total sum of $572,408.38.  Award at 5–6.  There is at

least a "barely colorable justification for the outcome reached," and by all indications a more

than colorable one.  *Landy Michaels Realty Corp.*, 954 F.2d at 797.  Accordingly, the Court

confirms the Award in favor of Petitioners, for a total amount of $572,408.38, of which, remains

outstanding at the time of the Petition as principal of $422,599.27.

### C.        Attorneys' Fees Associated with This Action

Petitioners also request fees and costs incurred in bringing the instant Petition.  Dkt. 5 at

4–7.  Petitioners have included contemporaneous time sheets in support of its Petition.  *See*

Petition, Ex. P (attorney time records).  The Second Circuit has held that "[i]n actions for the

confirmation and enforcement of arbitral awards, a court may award attorneys' fees if the party

challenging the award has refused to abide by an arbitrator's decision without justification."

*First Nat'l Supermarkets, Inc. v. Retail, Wholesale & Chain Store Emps.*, 118 F.3d 892, 898 (2d

Cir. 1997) (internal quotation marks omitted); *see, e.g., Tr. of N.Y.C. Dist. Council of Carpenters*

*Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining,*

*Educational and Industry Fund v. All. Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL

6498165, at *6 (S.D.N.Y. Dec. 11, 2013) ("[C]ourts have routinely awarded attorneys['] fees in

cases where a party merely refuses to abide by an arbitrator's award without challenging or

seeking to vacate it through a motion to the court.") (quoting *Abondolo v. H. & M.S. Meat*

*Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting

cases)); *Herrenknecht Corp.*, 2007 WL 1149122, at *6 (awarding fees and costs when defendant

refused to participate in arbitral proceedings, failed to satisfy, or even contest, the arbitral award,

and failed to oppose the petition to confirm award); *N.Y. Dist. Council of Carpenters Pension*

*Fund v. A Plus Flooring*, No. 07 Civ. 4070 (DLC), 2007 WL 2947464, at *3 (S.D.N.Y. Oct. 9,

2007) (Second Circuit precedent supports award of fees where defendant did not present any

justification or reason for failure to abide by arbitrator's decision); *In re Arbitration Between Soft*

*Drink and Brewery Workers Union Loc. 812, IBT, AFL–CIO and Ali–Dana Beverages, Inc.*, No.

95 Civ. 8081 (SAS), 1996 WL 420209, at *3 (S.D.N.Y. July 25, 1996) (awarding attorneys' fees

where defendant failed to either pay the award or file a motion to vacate or modify).

Here, Prime Contractors has failed to abide by the arbitral award and to respond to the motion for summary judgment to confirm that award. The Court therefore finds it appropriate to award Petitioners reasonable attorneys' fees and costs incurred in pursuing this action.

In support of its request for fees and costs, Petitioners submitted an invoice, listing the completed tasks, attorneys' hourly rates, and billed hours. *See* Petition, Ex. P. In total, Petitioners incurred 3.6 hours of legal work, completed by an associate attorney at a rate of $310 per hour and legal assistants at a rate of $155 per hour, *see id.*, for a total of $1,038.50 in attorneys' fees. The Court finds the requested attorneys' fees reasonable and in line with attorneys' fees awarded in similar actions in this District. *See Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2013 WL 6498165, at *7 (collecting cases). The requested costs associated with this case—$77 in service and filing fees—are likewise reasonable.

The Court therefore awards Petitioners $1115.50 in attorneys' fees and costs.

**D.      Post-Judgment Interest**

Petitioners also seek post-judgment interest. Such interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Awards of post-judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Accordingly, § 1961 applies to actions to confirm arbitral awards. *See,*

*e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in case arising from arbitration).  The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the foregoing reasons, the Court confirms the Award in favor of Petitioner.  The Clerk of Court is respectfully directed to enter judgment in favor of Petitioners and against respondent Prime Contractors in the remaining principal amount of $422,599.27, plus post-judgment interest pursuant to 28 U.S.C. § 1961(a), together with attorneys' fees and costs in the amount of $1115.50.

The Clerk of Court is further directed to close the case.


SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge


Dated: April 7, 2023
       New York, New York